UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-1593-SSS-SPx | Date | August 29, 2024 |
| Title | Jeffrey P. Perrotte v. Alice Boulton, et al | | |

| | | |
|---|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** **(In Chambers) Order Granting in Part and Denying in Part Defendants' Motion to Compel [54]**

## I. <u>INTRODUCTION</u>

On July 23, 2024, defendants Alice L. Boulton, Jessea Rodriguez, and Judith A. Vella filed a motion to compel discovery responses. Docket no. 54. Defendants moved to have all of their Requests for Admission, Set One ("RFAs") deemed admitted and for plaintiff Jeffrey Perrotte to be compelled to respond to their Interrogatories, Set One and Requests for Production, Set One ("RFPs"). *Id.* Defendants' motion is supported by the declaration of Dr. Dave Atkin ("Atkin Decl.") (docket no. 54-1), declaration of Cassandra J. Shryock ("Shyrock Decl.") (docket no. 54-3), and exhibits. Defendants also seek attorney's fees and costs. *See* docket no. 54.

Plaintiff filed an opposition to the motion on July 29, 2024. Docket no. 57. In support of the opposition, plaintiff submitted the declaration of Rebecca Coll ("Coll Decl.") (docket no. 57-1) and exhibits. Defendants filed a reply on August 6, 2024 (docket no. 58), as well as a supplemental Shryock declaration ("Supp. Shryock Decl.") (docket no. 58-1).

The court found a hearing on the motion would not be of assistance and so vacated the hearing noticed for August 20, 2024. The court now grants the motion in part and denies it in part.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:22-cv-1593-SSS-SPx | Date | August 29, 2024 |
| --- | --- | --- | --- |
| Title | Jeffrey P. Perrotte v. Alice Boulton, et al | | |

## II. BACKGROUND

This case arises from plaintiff's 2017 parole revocation. Plaintiff alleges his parole was unlawfully revoked based on false evidence and misconduct, resulting in more than three and a half years of incarceration. Plaintiff alleges a due process and *Monell* violation, and seeks damages, including for emotional distress and physical injuries sustained in prison.

On April 12, 2024, defendants served plaintiff with Boulton's first sets of interrogatories and RFPs. Shryock Decl. ¶ 3, Exs. B-C. On April 17, 2024, defendants served plaintiff with Boulton's first set of RFAs. *Id.* ¶ 4, Ex. D. On May 1, 2024, defendants deposed plaintiff for approximately two hours. *Id.* ¶ 5.

On May 13, 2024, defendants granted plaintiff a one-week extension to respond to the discovery requests. *Id.* ¶ 6. Later the same day, plaintiff's counsel informed defendants that plaintiff had complications from an April 2024 motorcycle accident and needed additional time to respond. *Id.* ¶ 7. Defendants agreed to extend the deadline to respond to June 5, 2024, and the parties obtained a extension of the fact discovery deadline to June 21, 2024. *Id.* ¶¶ 8-9; docket no. 44.

On June 5, 2024, plaintiff served defendants with objections to the discovery requests. Shryock Decl. ¶ 10, Exs. E-G. Plaintiff provided no response to Interrogatory Nos. 5-8. *Id.* ¶ 11. In response to all of the other discovery requests, plaintiff responded "Plaintiff objects on the basis that he is suffering from significant pain as a result of recent injuries, making it impossible to assist his counsel in responding to discovery. Pending addressing his severe pain, potentially with surgery, Plaintiff is unable to provide a response[.]" *Id.* ¶ 11; *see id.*, Exs. E-G. In addition, plaintiff objected to Interrogatory Nos. 3-4, 9, 25 and RFP Nos. 4-6, 11-12, all pertaining to his medical condition or income, "on the basis of his right to privacy and on the basis that [the request] seeks information outside the scope of discovery." *Id.* ¶ 11, Ex. F-G. Finally plaintiff objected to RFP No. 12 on the ground of taxpayer privilege and RFP No. 24 as overbroad. *Id.* ¶ 11, Ex. G.

On June 14, 2024, plaintiff filed a motion to stay based on plaintiff's medical incapacity following the motorcycle accident. Docket no. 45. Defendants opposed the motion to stay and submitted video evidence of plaintiff visiting a local casino, attending a graduation ceremony, and lifting and throwing large objects out of a truck bed for approximately 15 minutes. Docket no. 46; Shryock Decl. ¶¶ 12, 27; *see also* Atkins Decl. ¶ 6. On July 12, 2024, the court denied plaintiff's motion to stay because plaintiff's claim of medical incapacity was unfounded in light of the video evidence and because of his failure to meet his burden to show the circumstances justified a stay. Docket nos. 52, 60.

On June 20, 2024, while the motion to stay was pending, defendants e-mailed plaintiff to inquire whether he would oppose a request to extend the deadline for defendants to file a motion to compel. Shryock Decl. ¶ 13. Plaintiff did not respond. *Id.* The following day, plaintiff moved ex parte to continue the deadline, which was denied. Docket nos. 48-49.

On June 27, 2024, defendants notified plaintiff of their intent to file the instant motion and requested to meet and confer pursuant to Local Rule 37-1. Shryock Decl., Ex. H. Plaintiff did not respond. *Id.* ¶ 15. On July 12 and 16, 2024, defendants again notified plaintiff of their intent to file the motion to compel and asked him to stipulate to an extension of time so that the motion could be heard. *Id.* ¶ 16. Defendants asked for responses by July 17 and 18, 2024 respectively, but plaintiff did not respond. *Id.* ¶¶ 16-17.

On July 19, 2024, plaintiff's counsel advised defendants that they were attempting to obtain written discovery responses from plaintiff, but did not provide an anticipated date for the responses. *Id.* ¶ 18. When the parties spoke later that day, plaintiff agreed to stipulate to extend fact discovery for the sole purpose of permitting defendants to file the instant motion no later than July 23, 2024. *Id.* ¶ 19. Defendants filed the stipulation that day, which the court granted. Docket no. 53, 56.

At 7:57 a.m. on July 23, 2024, plaintiff served responses to the RFAs. Shryock Decl. ¶ 20, Ex. I. Plaintiff's counsel also advised that she anticipated sending the

responses to the interrogatories and RFPs later that day. Shryock Decl. ¶ 21. Defendants filed the instant motion the same day. *Id*. ¶ 22.

Plaintiff served responses to interrogatories and RFPs, as well as responsive documents, on July 29, 2024. Coll Decl. ¶ 9, Exs. C-D.

## III. DISCUSSION

### A. The Court Denies Defendants' Request for All of the Requests for Admission to Be Deemed Admitted

Defendants move the court to order all of the requests for admission admitted because plaintiff failed to provide substantive responses on the date the responses were due. Docket no. 54. Instead, plaintiff objected to each request on the basis that he was suffering from significant pain and could not assist counsel, and stated that pending addressing his pain, he was unable to provide a response. Shryock Decl., Ex. E. Defendants argue plaintiff failed to timely respond to the RFAs because the objection was baseless.

Federal Rule of Civil Procedure Rule 36(a) states:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Requests for admission are intended to narrow the issues for trial by identifying and eliminating the matters on which the parties agree. *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). If an objection is made in place of an admission or denial, the responding party must state the reasons for the objection. Fed. R. Civ. P. 36(a)(5). If the court finds an objection is not justified, "it must order that an answer be served." Fed. R. Civ. P. 36(a)(6). "On finding that an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer be served." *Id.*

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*

Here, plaintiff timely served objections on June 5, 2024, stating that he could not respond due to medical incapacity. *See* Shryock Decl., Ex. E. Plaintiff then served his amended responses on July 23, 2024, in which he admitted to all of the requests for admission, often with a qualifying statement, except for RFA No. 18, which he denied. *Id.*, Ex. I. The court recognizes the initial objections were determined to be unfounded. *See* docket no. 60; *see also* Atkins Decl. ¶ 7 (opining plaintiff is able to perform sedentary work). But normally if an objection is unjustified, the court overrules the objection and orders an answer be served. Fed. R. Civ. P. 36(a)(6). Plaintiff served amended answers before the motion was filed.

Although defendants appear to take exception to the qualifying statements, they do not contend the amended answers are not in compliance with Rule 36. Rule 36 allows for qualifying statements in good faith. Fed. R. Civ. P. 36(a)(4); *see Hamilton v. Yavapai Cmty. College Dist.*, 2017 WL 10637319, at *2 (D. Ariz. Jul. 17, 2017) ("Parties are permitted to qualify their answers to requests for admission under Rule 36(a)(4)."). And even if an answer does not comply with Rule 36, the court is not required to deem the matter admitted. Instead, the court has the discretion to either order the matter admitted or for the party to serve an amended answer. *Id.*; *see Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254-55, 258 (C.D. Cal. 2006).

To the extent defendants object to plaintiff's answers, "[t]he validity of a qualified answer to an RFA must await trial to see if the requesting party is forced to prove what was not admitted and can show that there was no good reason for the opponent's failure to admit." *Lee v. Lee*, 2021 WL 4462337, at *10 (C.D. Cal. Jan. 29, 2021) (citing *Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74-75 (D.D.C. 2003).

Plaintiff already submitted amended responses prior to the filing of the instant motion, and the court finds no basis to order all the requests deemed admitted without qualification at this juncture. Accordingly, the court denies defendants' request for the court to order all of the requests in the RFAs deemed admitted.

## B. Plaintiff Is Ordered to Supplement His Responses to Interrogatory Nos. 3-4 and RFP Nos. 4-5

As defendants acknowledge, plaintiff served amended responses to the interrogatories and RFPs on July 29, 2024, so their request for responses is now moot. Reply at 3. Defendants contend, however, that plaintiff's responses to Interrogatories Nos. 3-4 and RFP Nos. 4-5 remain deficient and move to compel further responses. *Id*. at 3-4.

### 1. The Interrogatories and RFPs

The interrogatories and RFPs at issue seek information about the medical care plaintiff received. The discovery requests and plaintiff's responses are as follows (*see* Coll Decl., Exs. C, D):

- INTERROGATORY NO. 3. Identify all medical and mental health care providers (including their name, address, and contact information) who have provided you medical care for any reason, since December 2016.
    - RESPONSE TO INTERROGATORY NO. 3. Plaintiff objects on the basis of his right to privacy and on the basis that this interrogatory seeks information outside the scope of discovery. Subject to and without waiving this objection, Plaintiff responds as follows:

      Plaintiff received treatment while he was in prison, which is contained in his central file.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-1593-SSS-SPx | Date | August 29, 2024 |
| Title | Jeffrey P. Perrotte v. Alice Boulton, et al | | |

After leaving prison, Plaintiff sought mental health treatment at Ranch Recovery Center in the Transitional Housing Program, from program director Mike Smith, from approximately February 10, 2015, Plaintiff's parole date, until August 2015. Plaintiff does not recall the exact dates when he received treatment during this time frame and is not in possession custody or control of his records from Ranch Recovery Center. Beginning in late 2023, Plaintiff sought treatment from Tamara Hagy-Lopez, LMFT. Plaintiff continues to receive treatment from this provider. Plaintiff will produce records reflecting his dates of treatment, as he does not have a current recollection of each treatment date.

Plaintiff received treatment for his broken implant from Richard Gill, Encinitas Dental Wellness, 285 N El Camino Real, Ste 216, Encinitas, CA, in or about late 2020; he does not recall the exact date of this treatment.

Plaintiff did not receive medical care other than dental care and mental health care, as described above, for any injuries alleged in this action. Plaintiff is not in possession of any records of medical treatment while he was incarcerated, other than documents produced in this action by defendants.

- <u>INTERROGATORY NO. 4</u>. For every medical care provider identified in response to Interrogatory No. 3, describe all medical care that you received, Including the dates you received that medical care, and the purpose for each visit.
    - <u>RESPONSE TO INTERROGATORY NO. 4</u>. [Same as response to Interrogatory No. 3.]
- <u>RFP NO. 4</u>. All documents evidencing or reflecting the medical care you received as you identified in your response to Interrogatory No. 4.
    - <u>RESPONSE TO RFP NO. 4</u>. Plaintiff objects on the basis of his right to privacy, however, inspection will be permitted as requested; plaintiff will

produce copies of all responsive documents and electronically stored information. In addition to documents produced by Defendants, Plaintiff identifies H-G000001-58.

- RFP NO. 5. All documents evidencing or reflecting any medical care that you have received since January 1, 2013 to the present.

  - RESPONSE TO RFP NO. 5. Plaintiff objects on the basis of his right to privacy and on the basis that this request seeks information outside the scope of discovery. Plaintiff has produced his therapy records, H-G000001-58, which are the only documents in his possession, custody or control that are responsive to this request relating to the injuries he alleges in this case. Plaintiff did not receive therapy during the period he was out of prison from 2015-2016.

**2. Plaintiff's Responses Are Inadequate**

Rule 26(b) allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." *Id.* In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). "Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer Fund*, 437 at 351). "The requirement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-1593-SSS-SPx | Date | August 29, 2024 |
| Title | Jeffrey P. Perrotte v. Alice Boulton, et al | | |

relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Id.*

Here, plaintiff states he has provided full responses and documents to Interrogatory Nos. 3-4 and RFP Nos. 4-5 as they relate to the injuries alleged in this action. Opp. at 7-8. Plaintiff's responses logically imply he has sought other medical care for the periods in question in addition to the responses and document he provided and withheld such information because he determined it to be irrelevant. Defendants contend they are entitled to know about all of the medical treatment plaintiff received in order to determine whether his alleged injuries are entirely or partially preexisting, and whether there are other explanations for his injuries. Reply at 4. The court agrees.

Assuming plaintiff has sought medical care in addition to what he identified and produced, defendants are not required to accept plaintiff's contention that this evidence is not relevant. Plaintiff claims severe emotional distress and physical injuries stemming from his re-incarceration, and seeks damages in connection with these injuries. *See* Shryock Decl. ¶ 28; Coll Decl., Ex. C at 1, 6, 15-16. Plaintiff has therefore placed his medical history at issue and defendants are entitled to seek information and documents about the medical care plaintiff received in order to verify when these alleged injuries arose (i.e., whether they were preexisting) and whether there were other factors contributing to the injuries, with one exception. The exception is that defendants are not entitled to discovery concerning the motorcycle accident injuries, since any injuries from the motorcycle accident plainly were not pre-existing and do not stem from the re-incarceration, making such medical information irrelevant.

Plaintiff also asserts a privacy objection requiring the disclosure of medical records since 2013. Opp. at 8. There is a privacy interest in medical records (*Anderson v. Clawson*, 2014 WL 3725856, at *2 (N.D. Cal. Jul. 25, 2014) ("A party enjoys privacy rights in his medical records in general.")), and "a psychotherapist-privilege covers confidential communications made to licensed psychiatrists and psychologists." *Jafee v. Redmond*, 518 U.S. 1, 15, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996); *see also Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995) ("The patient-physician privilege does not exist at federal common law."). But the "right to medical privacy is not absolute and must be balanced against the need for the information sought." *Pate v. Pac. Harbor*

*Line, Inc.*, 2023 WL 2629867, at *7 (C.D. Cal. Feb. 6, 2023). Here, defendants' need for information outweighs plaintiff's privacy concerns, particularly in light of the fact that plaintiff claims severe emotional distress and physical injuries. *See Anderson*, 2014 WL 3725856, at *2 (the right to privacy may be waived "if the party puts their contents at issue in a case"); *M.S. v. City of Fontana*, 2018 WL 6075323, at *3 (C.D. Cal. Jul. 12, 2018) (courts have found waiver of the psychotherapist-patient privilege where the party places his own mental state at issue in a case).

To the extent defendants contend they are entitled to plaintiff's medical records concerning injuries arising from his motorcycle accident because plaintiff has placed his credibility at issue, the court disagrees. *See* Reply at 4. Rule 26(b) requires that a discovery request be relevant to a claim or defense. *See* Fed. R. Civ. P. 26(b)(1). As discussed above, the medical records concerning the motorcycle accident injuries are not relevant. "If requests for admission or production could be justified by nothing more than the hope of catching a witness in a lie, there would be virtually no limit on the scope of discovery." *Seattle Pac. Inds., Inc. v. S3 Holding LLC*, 2019 WL 1013426, at *2 (W.D. Wash. Mar. 4, 2019).

Accordingly, the court grants defendants' motion to compel plaintiff to supplement his responses to Interrogatory Nos. 3-4 and RFP Nos. 4-5, except excluding documents and information concerning the medical care for his injuries arising from the April 2024 motorcycle accident.

## C. Defendants' Request for Sanctions Is Granted in Part

Defendants request sanctions under Rule 37(d)(1)(A)(ii). Rule 37(d)(1)(A)(ii) provides for sanctions for the failure of a party, after being served with proper notice, to serve answers, objections, or written responses to interrogatories or a request for inspection. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include reasonable expenses and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii), 37(d)(3). "In evaluating the propriety of sanctions, the Court considers 'all incidents of a party's misconduct.'" *Blundell v. Cnty. of L.A.*, 2010 WL 344320, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-1593-SSS-SPx | Date | August 29, 2024 |
| Title | Jeffrey P. Perrotte v. Alice Boulton, et al | | |

*1 (C.D. Cal. Jan. 29, 2010) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990)).

Here, although plaintiff served timely objections to the discovery requests, the basis of the objections was determined to be unfounded. *See* Shryock Decl. ¶ 12. Despite the Court's July 12, 2024 findings (docket no. 60) and defendants' June 27, 2024 meet and confer letter (as well as subsequent communications), plaintiff failed to provide substantive responses to the interrogatories or produce documents until July 29, 2024, six days *after* defendants filed the instant motion. Plaintiff's counsel has not cited any reasons justifying the delays other than her belief in plaintiff's medical incapacity in spite of the evidence presented, her participation at a trial in late June, and the inability to obtain responses from plaintiff. Coll Decl. ¶¶ 2, 6-7. None of these reasons justify the delay and the court thus finds monetary sanctions are appropriate.

Defendants' counsel seeks $4,933 in costs for a medical expert to review the medical documentation plaintiff provided in support of his claim of mental incapacity and $1,824 in attorneys' fees incurred for at least eight hours spent drafting the motion and declaration. Shryock Decl. ¶¶ 24-25. The court finds the $228 hourly rate and time spent on the papers are reasonable. But the time defendants' expert Dr. Atkin spent reviewing medical documentation was not simply, or even primarily, for this discovery motion. *See* Atkin Decl. Accordingly, the court finds sanctions are warranted in the amount of $1,824.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to compel (docket no. 54) is granted in part and denied in part as set forth above. Plaintiff is ordered to supplement his responses to Interrogatory Nos. 3-4 and RFP Nos. 4-5 as provided above, and to pay $1,824 in sanctions to defendants.